This constitutes an **AGREEMENT** between the parties, as to the admissibility of certain prior conviction evidence. The defense will stipulate that the defendant was convicted in 1996 of the felony offense of possession for sale of cocaine base. Such stipulation shall be read to the jury in written form and the written stipulation shall be marked as an exhibit and admitted into evidence. The parties agree that the Court should give an appropriate limiting instruction.

In return, the government agrees:

1. Not to offer any other evidence of the 1996 conviction or the facts underlying it,
2. Not to offer any other evidence concerning the defendant's 1994 juvenile conviction for possession for sale of cocaine base, or the underlying facts,
3. Not to offer any other evidence concerning the defendant's 1995 juvenile conviction for possession for sale of cocaine base, or the underlying facts,
4. Not to offer any evidence concerning the federal felon in possession of firearms conviction in 2000;

The government remains free to put on Probation Officer Scott Storey to testify as to all aspects of the defendant's term of supervised release, e.g., the TSR conditions, the home visits made by Mr. Storey, when the TSR started, and the home visits made. He could not be asked to identify the offense of conviction (felon in possession of firearm) which resulted in the term of supervised release.

This agreement does not limit the government's ability to attempt to use the above listed evidence for purposes of impeachment should the defendant testify. The defense remains free to object to its use for that purpose.

Dated: February 4, 2005

_____
RICHARD J. BENDER
Attorney for the United States

_____
QUIN A. DENVIR
Attorney for Francisco Castaneda

FILED

FEB - 4 2005

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____