**OFFICE OF THE FEDERAL DEFENDER**
EASTERN DISTRICT OF CALIFORNIA
801 I STREET, 3rd FLOOR
SACRAMENTO, CALIFORNIA 95814
(916) 498-5700  Fax: (916) 498-5710

Daniel J. Broderick
Federal Defender

Linda Harter
Chief Assistant Defender

February 21, 2008

Mr. John P. Balazs
Attorney at Law
916 Second Street, Suite F
Sacramento, CA 95814



FILED
FEB 21 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

    Re:    **U.S. v. Francisco Medina Casteneda**
           **Cr.S-03-549-EJG**

Dear Mr. Balazs:

    This will confirm your appointment as counsel by the Honorable Gregory G. Hollows, U.S. Magistrate Judge, to represent the above-named defendant. You are attorney of record until such time as you are relieved or other action is taken to appoint a different attorney.

    Enclosed is CJA 20 form, your Order of Appointment and Voucher for services rendered. Also enclosed is an instruction sheet discussing the use of the forms.

    If we may be of any further assistance regarding the processing of the enclosed form, preparation of form CJA 21 for expert services, or in reference to any other matter pertaining to this case, please feel free to call upon us at any time.

                                  Very truly yours,

                                  CYNTHIA L. COMPTON
                                  CJA Panel Administrator

:clc
Enclosures

cc:    Clerk's Office

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER | |
|---|---|---|---|---|
| CAE | Casteneda, Francisco Medina | | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 2:03-000549-001 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| U.S. v. Casteneda | Other | Other: | Other |

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.

12. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Balazs, John P.
916 Second Street, Suite F
Sacramento CA 95814

Telephone Number: (916) 447-9299

14. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions)

13. COURT ORDER
[X] O Appointing Counsel         [ ] C Co-Counsel
[ ] F Subs For Federal Defender  [ ] R Subs For Retained Attorney
[ ] P Subs For Panel Attorney    [ ] Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

[ ] Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or
[ ] Other (See Instructions)

Signature of Presiding Judicial Officer or By Order of the Court
GREGORY G. HOLLOWS
01/15/2008                                    Jan 1, 2008
Date of Order                                 Nunc Pro Tunc Date

Repayment or partial repayment ordered from the person represented for this service at time of appointment.   [ ] YES   [ ] NO

## CLAIM FOR SERVICES AND EXPENSES / FOR COURT USE ONLY

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| 15. | a. Arraignment and/or Plea | | | | | |
| In Court | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | | | | | |
| | d. Trial | | | | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (Rate per hour = $ 100 )    TOTALS: | | | | | |
| 16. | a. Interviews and Conferences | | | | | |
| Out of Court | b. Obtaining and reviewing records | | | | | |
| | c. Legal research and brief writing | | | | | |
| | d. Travel time | | | | | |
| | e. Investigative and Other work (Specify on additional sheets) | | | | | |
| | (Rate per hour = $ 100 )    TOTALS: | | | | | |
| 17. | Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. | Other Expenses (other than expert, transcripts, etc.) | | | | | |
| | GRAND TOTALS (CLAIMED AND ADJUSTED) | | | | | |

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM _____ TO _____ | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|

22. CLAIM STATUS   [ ] Final Payment   [ ] Interim Payment Number _____   [ ] Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case?   [ ] YES   [ ] NO   If yes, were you paid?   [ ] YES   [ ] NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?   [ ] YES   [ ] NO   If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: _____                                    Date: _____

## APPROVED FOR PAYMENT — COURT USE ONLY

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR / CERT |
|---|---|---|---|---|

| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | | DATE | 28a. JUDGE / MAG. JUDGE CODE |
|---|---|---|---|---|

| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
|---|---|---|---|---|

| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | | | DATE | 34a. JUDGE CODE |
|---|---|---|---|---|

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br>v.<br>FRANCISCO MEDINA CASTENEDA,<br>*Defendant-Appellant.* | No. 05-10372<br>D.C. No.<br>CR-03-00549-EJG<br>OPINION |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, District Judge, Presiding

Argued and Submitted
April 16, 2007—San Francisco, California

Filed January 15, 2008

Before: Alfred T. Goodwin, Dorothy W. Nelson, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge D.W. Nelson

531

purchases by undercover officers, coordinated police surveillance, and a search pursuant to a search warrant. The search yielded a bag of methamphetamine, two bags of rock cocaine, four bags of approximately 20-30 grams of cocaine base, guns, and plastic "kilo" wrappers and a coffee pot with cocaine residue. The district court denied both a motion to suppress evidence obtained in the search and a request for a *Franks* hearing.

The government proceeded to trial with Medina-Casteneda on the charges of (1) conspiracy to distribute and conspiracy to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846; (2) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); and (3) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). A jury found Medina-Casteneda guilty of the first two counts. During sentencing, Medina-Casteneda asked the court to reduce the sentence based upon the 100:1 sentencing disparity between crack and powder cocaine offenses under the Guidelines. The district judge noted that he did not "believe it's appropriate for the Court to specifically reduce a sentence under 18 U.S.C. 3553(a) on the basis that the Congress and the U.S. Sentencing Commission are wrong in establishing different penalties for different types of controlled substances."

The district court sentenced Medina-Casteneda to 327 months imprisonment, 120 months supervised release, and a $200 special assessment. Medina-Casteneda filed a timely notice of appeal challenging both the conviction and the sentence. On July 18, 2007, we affirmed the conviction and sentence with a memorandum disposition. In a Petition for Rehearing, Medina-Casteneda requested that we reconsider our decision in light of the Supreme Court's then-pending decision in *Kimbrough v. United States*, No. 06-6330. In light of the recent *Kimbrough* decision, 128 S. Ct. 558 (2007), we

of whack, it's for the Congress to change them, not this trial court.

These statements demonstrate that the district court did not foresee the extension of its *Booker* discretion that would be announced two years later by the Supreme Court in *Kimbrough*. Thus, the district court did not feel free to consider whether "any unwarranted disparity created by the crack/powder ratio" produced a sentence " 'greater than necessary' to achieve § 3553(a)'s purposes." *Id.* at 574-75.

[3] We vacate the sentence and remand to the district court to reconsider the sentence in light of the *Kimbrough* decision and to determine whether the disparity between crack and powder cocaine produced a sentence "greater than necessary" under § 3553(a). As noted above, this issue comes before the panel as a Petition for Rehearing. We grant the Petition for Rehearing with respect to the foregoing issue and we reproduce the relevant portions of our Memorandum Disposition issued July 18, 2007, to address the remaining arguments in this case.

II. Readback of Testimony

[4] The district court did not abuse its discretion in denying the jury's request to read back Marcos Garcia's testimony. After the jury requested the read back of Garcia's testimony, the judge consulted with counsel for both sides without the jury present. He explained that in accordance with Ninth Circuit case law, he ordinarily discouraged rereads because of the tendency of the jury to focus on one particular piece of evidence at the expense of other evidence. Counsel for the appellant agreed that Garcia's testimony should not be reread to the jury unless the jury asked for the testimony to be reread at some future point in its deliberations. In light of the district court's great latitude to address requests for readbacks and its recognition of the problems associated with readbacks, we hold that the judge's decision to deny the requested readback

538     UNITED STATES v. CASTENEDA

in this case as there is no evidence that the jury was confused by the proof beyond a reasonable doubt standard. The jury never sought clarification of the standard, and the likely prejudicial effects of this misstatement of the law on the defendant in the context of the extensive closing arguments by both sides and proper jury instructions is very low (indeed the prosecutor correctly described the standard a couple of sentences earlier in the closing argument).

IV.  Voir Dire

[6] The district court did not abuse its discretion in rejecting Medina-Casteneda's proposed voir dire question to the jury about its willingness to follow a limiting instruction regarding evidence of his prior conviction. A district court has considerable discretion to accept or reject proposed voir dire questions and, as long as it conducts an adequate voir dire, its rejection of specific questions is not error. *United States v. Giese*, 597 F.2d 1170, 1182-83 (9th Cir. 1979). In this case, the district court adequately addressed the issue in Medina-Casteneda's proposed voir dire question by asking a more general question regarding the juror's ability to follow the law in accordance with the judge's instruction. We therefore hold that the district court did not abuse its discretion and that the voir dire in this case was conducted adequately.

V.  *Franks* Hearing

Assuming arguendo Medina-Casteneda made a substantial preliminary showing that the affiant intentionally or recklessly omitted information showing the number of people that Garcia came into contact with prior to the drug transaction with the undercover police officers on November 18, 2003, a corrected or supplemented affidavit would still "provide a magistrate with a substantial basis for concluding that probable cause existed." *United States v. Stanert*, 762 F.2d 775, 780, 782 (9th Cir. 1985) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). The Supreme Court has held that "[t]he