IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

FRANCISCO MEDINA CASTENEDA,

        Defendant.
_____/

CIV. NO. S-11-0556 EJG
CR. NO. S-03-0549 EJG

<u>ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE</u>

    Defendant, a federal prisoner proceeding through counsel, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion, as well as the applicable law, the court has determined that the motion may be decided without a hearing because the files and records of the case conclusively establish that it is time-barred. For the reasons set for below, the motion to vacate, set aside or correct sentence is DENIED.

///

///

1

## Background

Defendant was convicted by jury February 23, 2005 of one count conspiracy to distribute and possess with intent to distribute cocaine base and cocaine, and one count possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846.  In addition, an information charged defendant with a prior felony drug conviction pursuant to 21 U.S.C. § 851. Judgment was entered May 20, 2005 and defendant was sentenced to a term of 324 months imprisonment and ten years supervised release.  On appeal, the convictions were affirmed in part on appeal, the sentence was vacated and the case remanded for re-sentencing.  <u>United States v. Casteneda</u>, 511 F.3d 1246 (9th Cir. 2008).  Following remand, the court re-sentenced defendant to a term of 262 months imprisonment and 10 years supervised release, which sentence was affirmed in an unpublished memorandum disposition filed July 2, 2009. Defendant filed the instant motion to vacate, set aside or correct his sentence on February 28, 2011.

## Discussion

Motions brought pursuant to section 2255 of Title 28 are subject to a one year statute of limitations.  The one year period runs from one of four dates set forth in the statute.  See 28 U.S.C. § 2255(1-4).  The date applicable in the instant case is that on which "the judgment of conviction became final."  28 U.S.C. § 2255(1).  A judgment of conviction becomes final after

2

judgment has been entered, the availability of appeal has been exhausted, and the time for filing a certiorari petition has elapsed or the petition has been denied. Griffith v. Kentucky, 107 S.Ct. 708, 712 n.6 (1987). If no Supreme Court review is sought, "§ 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 123 S.Ct. 1072, 1079 (2003). In the instant case, defendant's conviction was affirmed on appeal July 2, 2009. Thereafter, he had 90 days (October 2, 2009) in which to file a petition for certiorari, which period runs from the date the judgment was entered, not from the issuance date of the mandate. See Sup. Ct. Rule 13. From a review of the record, no petition for certiorari was filed. Accordingly, the judgment became final and the one-year statute of limitations began to run October 2, 2009. Defendant's motion, filed February 28, 2011 is untimely.

## Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk of Court is directed to close companion civil case Civ. No. S-11-0556 EJG.

IT IS SO ORDERED.

Dated: August 10, 2011

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

3