IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

FRANCISCO MEDINA CASTENEDA,

        Defendant.
_____/

CIV. NO. S-11-0556 EJG
CR. NO. 03-0549 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

    Defendant, a federal prisoner proceeding through counsel, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  After reviewing the record, the documents filed in connection with the motion, and the applicable law, the court has determined it may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments.  Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989).  For the reasons that follow, the motion is DENIED.

## Background

    Defendant was convicted February 23, 2005, following a jury trial, of conspiracy to distribute and conspiracy to possess with the intent to distribute cocaine base, cocaine and methamphetamine, and possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846. He was

1

sentenced May 20, 2005 to a term of 324 months imprisonment and ten years supervised release.  On January 15, 2008, defendant's convictions were affirmed on appeal; however, the case was remanded for re-sentencing.  <u>United States v. Casteneda</u>, 511 F.3d 1246 (9th Cir. 2008.) Defendant was re-sentenced July 18, 2008 to a term of 262 months imprisonment and ten years supervised release.  An appeal from the amended judgment was denied July 2, 2009 in an unpublished memorandum disposition.  A petition for certiorari was denied March 1, 2010.  The instant motion to vacate, set aside or correct sentence was timely filed February 8, 2011.

## Discussion

Defendant's motion raises two claims: ineffective assistance of counsel, and conflict of counsel.[1]  With respect to the first claim, defendant lists 16 discrete instances which he alleges constitute ineffective assistance.  However, the motion neither cites applicable law nor demonstrates how the acts or omissions rise to the level of a constitutional violation.

To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient, and but for the deficiencies, the outcome would have been different.  <u>See</u> <u>generally</u>, <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984).  Defense counsel is presumed to

---

[1] Contrary to the government's assertion, defendant was given leave of court to file his supplemental brief in support of his motion.  Docket Entry 192, "Notice", filed March 9, 2011.

2

1 have acted reasonably and to have provided constitutionally
2 adequate assistance.  <u>Id.</u> 104 S.Ct. at 2065.  Moreover, second
3 guessing of counsel's tactical decisions after conviction cannot
4 form a basis for a claim of ineffective assistance.  See
5 <u>Strickland</u>, 104 S.Ct. 2065 (counsel's performance must be
6 evaluated without the "distorting effects of hindsight").

7     The actions and omissions defendant contends were deficient
8 conduct by his attorney consist of failures to object to certain
9 facts recited by government witnesses during their testimony,
10 failure to impeach or clarify testimony of government witnesses,
11 and failure to present evidence which would have been
12 exculpatory.  Defendant's bald recitation of these instances,
13 both individually and considered as a whole, without more, does
14 not demonstrate deficient performance by counsel.  Moreover,
15 defendant has failed completely to explain how and in what manner
16 the outcome of the proceeding would have been different. For this
17 reason, the claim of ineffective assistance of counsel fails.

18     Defendant's second claim, like his first, is void of facts,
19 analysis and law and is similarly unavailing.  In this claim
20 defendant states his belief that his counsel previously
21 represented potential witnesses in the case.  He doesn't name
22 those persons nor their relationship to either the defendant or
23 the case.  As with his first claim, defendant's second claim is
24 bereft of facts or evidentiary support and does not state a claim
25 for relief.

26

## Conclusion

For the reasons stated above, defendant's motion to vacate, set aside or correct sentence is DENIED. The Clerk of Court is directed to close companion civil case CIV. NO. S-11-0556 EJG.

## Certificate of Appealability

Pursuant to recent Ninth Circuit authority, the district court addresses the issue of *certificate of appealability* as part of the ruling on the post-conviction motion. In a § 2255 proceeding, "an applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253( c )." Fed. R. App. P. 22(b). Such certification may issue "only if [defendant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b)(1).

For all of the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right. A certificate of appealability will not issue.

IT IS SO ORDERED.

Dated: January 25, 2012

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

4