1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11

12   UNITED STATES OF AMERICA,        Cr. No. 2:03-0549-1 WBS

13              Plaintiff,            ORDER RE: MOTION TO REDUCE
                                      SENTENCE PURSUANT TO 18 U.S.C. §
14        v.                          3582(c)(2)

15   FRANCISCO CASTANEDA,

16              Defendant.

17

18                            ----oo0oo----

19        Before the court is defendant Francisco Castaneda's

20   Motion for a sentence reduction pursuant to 18 U.S.C. §

21   3582(c)(2) ("section 3582(c)(2)") and Amendment 782 to the United

22   States Sentencing Guidelines ("Guidelines").  (Def.'s Mot.

23   (Docket No. 225).)  The court held oral argument on the Motion on

24   September 11, 2017.

25        On February 23, 2005, a jury found defendant guilty of

26   conspiracy to distribute and possess with intent to distribute

27   cocaine base and cocaine in violation of 21 U.S.C. § 841 and 846

28   and possession with intent to distribute cocaine base in

                                 1

violation of 21 U.S.C. § 841(a)(1).  (See Docket No. 101; Judgment (Docket No. 130).)  The United States Probation Office issued a presentence report recommending a total offense level of 38 and criminal history category of IV, with a resulting Guidelines sentencing range of 324 to 405 months.  (See Presentence Report at 17.)  The court adopted the presentence report in full and sentenced defendant to 324 months in prison, a sentence on the low end of the Guidelines range.  (See Judgment at 2.)

Defendant appealed his convictions and sentence to the Ninth Circuit.  (Notice of Appeal (Docket No. 128).)  While defendant's appeal was pending, the United States Sentencing Commission ("Commission") promulgated Amendment 706 to the Guidelines, which generally reduced the base offense level of crack cocaine crimes by two levels.  See United States v. Sykes, 658 F.3d 1140, 1143 (9th Cir. 2011); U.S.S.G. § 1B1.10(d) (noting that Amendment 706 applies retroactively).  On remand from the Ninth Circuit, which vacated defendant's original sentence, this court determined defendant's Guidelines sentencing range in light of Amendment 706 to be 262 to 327 months, and sentenced defendant to 262 months in prison, a sentence on the low end of the amended Guidelines range.  (See Am. Judgment (Docket No. 181).)

Thereafter, the Commission promulgated Amendment 750 to the Guidelines, which further generally reduced the base offense level of crack cocaine crimes by two levels.  See United States v. Davis, 739 F.3d 1222, 1224 (9th Cir. 2014); U.S.S.G. § 1B1.10(d) (noting that Amendment 750 applies retroactively).  After defendant moved for a sentence reduction based on Amendment

2

750, the court found defendant's Guidelines sentencing range in light of Amendment 750 to be 210 to 262 months.[1]  (See Mar. 7, 2013 Order at 3 (Docket No. 213).)  The court declined to grant defendant a sentence reduction, however, citing defendant's "pervasive criminal record," "gang affiliation," "history of involvement with drugs and guns," and "complete lack of remorse" for his crimes.  (Id. at 4-5.)

In November 2014, the Commission promulgated Amendment 782 to the Guidelines, which generally reduced the base offense level of drug crimes listed in the Guidelines drug quantity table by two levels.  See United States v. Mitchell, Cr. No. 1:12-0199 LJO SKO, 2016 WL 4161082, at *1 (E.D. Cal. Aug. 4, 2016).  The Commission voted to make Amendment 782 retroactively applicable.  See U.S.S.G., sup. App'x C, amend. 788 (2014); United States v. Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015).

Defendant contends that in light of Amendment 782, his Guidelines sentencing range is now 168 to 210 months, though he acknowledges that he is still subject to a statutory minimum sentence of 240 months.  (Def.'s Mot. at 5; see also Mar. 7, 2013 Order at 3.)  Defendant now moves to reduce his sentence to 240 months pursuant to Amendment 782 and section 3582(c)(2).  (Def.'s Mot. at 6.)  The government opposes defendant's Motion.  (Gov't's Opp'n (Docket No. 229).)

Section 3582(c)(2) allows the court to "reduce the term of imprisonment" of a defendant who was "sentenced . . . based on

---

[1]    The court also noted that defendant was subject to a statutory minimum sentence of 240 months.  (See Mar. 7, 2013 Order at 3-4 (Docket No. 213).)

3

a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court held in Dillon v. United States, 560 U.S. 817 (2010) that section 3582(c)(2) "establishes a two-step inquiry." Id. at 826. At step one, the court must determine whether a sentence reduction would be consistent with section 1B1.10 of the Guidelines ("section 1B1.10"). Id. "At step two," the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies [stated in section 1B1.10] is warranted in whole or in part under the particular circumstances of the case." Id. at 827. At step two, the court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may consider [the defendant's] post-sentencing conduct." See U.S.S.G. § 1B1.10, comment. n.1(B).

The government concedes, at Dillon step one, that Amendment 782 reduced defendant's Guidelines sentencing range to 168 to 210 months, and reducing defendant's sentence to 240 months would be consistent with section 1B1.10. (See Gov't's Opp'n at 3.)

At Dillon step two, however, the government asks the court to exercise its discretion to deny defendant's Motion. The government notes that the court previously considered whether to exercise its discretion to reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) and an amendment to the drug quantity table under the factors stated in 18 U.S.C. § 3553(a), and decided that it was not warranted. (See id. at 1-2 (citing Mar.

4

7, 2013 Order at 4-5).)  In support of its contention that the

court should again exercise its discretion to deny defendant a

sentence reduction, the government reiterates that defendant: (1)

has a pervasive criminal record that includes four convictions

prior to the instant convictions, including one for felonious

possession of firearms, (id. at 4; see Presentence Report at 10-

12); (2) identified himself as associated with the Nortenos gang,

a violent criminal organization, (Gov't's Opp'n at 5 (citing

Presentence Report ¶ 27)); (3) has demonstrated a lack of remorse

for his crimes by committing the crimes charged in this case

while on supervised release for a previous crime, going to trial

in this case, and appealing his convictions and sentence, (id.);

and (4) has committed a number of disciplinary violations since

being imprisoned for the instant crimes, (id. at 5-6).

The court notes that defendant was twice given a

sentence on the low end of the Sentencing Guidelines, once when

he was originally sentenced and again when he was resentenced,

and several of the factors identified by the government were

already taken into account by his previous and current Guidelines

ranges.  The court further notes that a mandatory minimum

sentence of 240 months would be 52 months above the high end of

defendant's current 168-210 month Guidelines range, and that

defendant has had no disciplinary issues since 2013.

Having considered the applicable factors set forth in

18 U.S.C. § 3553(a) and reviewed the entire record in this case,

the court finds that 22-month sentence reduction is appropriate

for defendant, notwithstanding the court's prior denial of

defendant's motion to reduce sentence in 2013.

1          IT IS THEREFORE ORDERED that defendant's Motion for a

2   sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) be, and the

3   same hereby is, GRANTED.  Defendant's term of imprisonment shall

4   be reduced to 240 months, effective immediately.  All other

5   provisions of the judgment in defendant's case shall remain in

6   effect.  The clerk shall forthwith prepare an amended judgment

7   reflecting the above reduction in sentence, and shall serve

8   certified copies of the amended judgment on the United States

9   Bureau of Prisons and the United States Probation Office.

10  Dated:  September 11, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE