# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Offender Under Supervision

**Name of Offender:**   Francisco Medina Castaneda    **Docket Number:**   0972 2:03CR00549-01

**Name of Judicial Officer**:   William B. Shubb, Senior United States District Judge

**Date of Original Sentence:**   5/20/2005

**Original Offense:**

Count 1:   21 USC 841, 846 – Conspiracy to Distribute and to Possess With Intent to Distribute Cocaine Base and Cocaine (Class A Felony)

Count 2:   21 USC 841(a)(1) – Possession With Intent to Distribute Cocaine Base (Class A Felony)

**Original Sentence:**  324 months custody of the Bureau of Prisons on each of Counts 1 and 2, to be served concurrently with each other for a total aggregate term of 324 months; 120 months supervised release on each count, to be served concurrently with each other for a total aggregate term of 120 months; $200 special assessment; mandatory drug testing; no firearms

**Special Conditions:**

Warrantless Search
Drug/Alcohol Treatment
Drug/Alcohol Testing
Aftercare Co-payment
Registration (drug)
DNA collection

**Type of Supervision:**   Supervised Release

**Date Supervision Commenced:**   2/20/2019

RE: **Francisco Medina Castaneda**  Docket Number: 0972 2:03CR00549-01

**Other Court Actions:**

**08/06/2008**:   Amended Judgment filed, correcting defendant's custody term to 262 months on each of Counts 1 and 2.  All other terms remain as originally charged.

**01/29/2013:**   Case reassigned from Senior Judge Edward J. Garcia to Senior Judge William B. Shubb.

**09/11/2017:**   Order filed reducing defendant's sentence of imprisonment to 240 months.

PETITIONING THE COURT

☒ **TO ISSUE A WARRANT**

☐ **TO ISSUE A SUMMONS**

☐ **OTHER:**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**      **Nature of Violation**

  1  **FAILURE TO REPORT CHANGE OF RESIDENCE**

On February 28, 2019, the undersigned officer was notified Castaneda was no longer residing at his reported residence and his whereabouts were unknown. This conduct is in violation of Standard Condition Number 6 of supervised release that states, *"The defendant shall notify the probation officer tend days prior to any change in residence or employment."*

**Justification:**   Francisco Medina Castaneda was sentenced on May 20, 2005, to 324 months imprisonment following convictions for Conspiracy to Distribute and to Possess With Intent to Distribute Cocaine Base and Cocaine, and for Possession With Intent to Distribute Cocaine Base. On August 6, 2008, the sentence was amended to 262 months prison. On November 11, 2017, Castaneda's sentenced was reduced to 240 months. On February 20, 2019, Castaneda's 120-month term of supervised release commenced in the Eastern District of California.

Castaneda released on February 20, 2019, from FCC USP-2 Coleman in Coleman, Florida. The same day, the undersigned made contact at his family's residence in Stockton and spoke to his son and his mother, and advised he was going to be released. That afternoon his family contacted the undersigned and advised Castaneda would be arriving in Stockton on February 25, 2019. On February 25, 2019, Castaneda contacted the undersigned and said he was living at his family's residence in Stockton and was at his attorney's office in Sacramento. Castaneda was to report to the Probation Office on February 27, 2019, at

RE: **Francisco Medina Castaneda**          **Docket Number: 0972 2:03CR00549-01**

2:00 p.m. The undersigned confirmed the appointment telephonically with Castaneda that morning. At 3:00 p.m., Castaneda had not arrived at the office. The undersigned called and an unknown male answered the phone stating he did not know who Castaneda was and that he had found the phone in the street. On February 28, 2019, the undersigned officer met with the family in Stockton at Castaneda's residence. The family stated they had last seen him on February 27, 2019. Castaneda had told them he was on the way to the bank and then would be going to the Probation Office.

The undersigned officer has made numerous unsuccessful attempts to contact Castaneda by telephone. He has not contacted this officer since February 27, 2019.

**Detention:** At this time, the offender is a danger to the community and a flight risk based on his history of narcotics trafficking, gang involvement, drug use, and firearm possession, along with the offender's failure to report his change of residence. Therefore, it is recommended a warrant for his arrest be issued and he remain detained in the custody of the United States Marshal Service pending the disposition of the violation petition.

I declare under penalty of perjury that the following is true and correct.

**EXECUTED ON:**    March 4, 2019
                    Elk Grove, California
                    LSH/sda

Respectfully submitted,

**Lisa S. Hage**
**Senior United States Probation Officer**
Telephone: 916-752-9345

**DATED:**  3/4/2019

Reviewed by,

**George A. Vidales**
**Supervising United States Probation Officer**

RE: **Francisco Medina Castaneda**   Docket Number: 0972 2:03CR00549-01

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant.

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

**Dated: March 5, 2019**

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

CC:

United States Probation

Assistant United States Attorney: Richard J. Bender

United States Marshal Service

RE: **Francisco Medina Castaneda**                                    Docket Number: 0972 2:03CR00549-01

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable William B. Shubb
Senior United States District Judge
Sacramento, California

                                 **RE:**    **Castaneda, Francisco Medina**
                                            **Docket Number: 0972 2:03CR00549-01**

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 2:**     **FAILURE TO REPORT CHANGE OF RESIDENCE**

    **a.**     **Evidence:**

        i.     None

    **b.**     **Witnesses:**

        i.     United States Probation Officer Lisa Hage can testify to the statements made by Castaneda's mother and son on February 28, 2019.

                                                          Respectfully submitted,

                                                            **Lisa S. Hage**
                                                           **Senior United States Probation Officer**
                                                           Telephone:  916-752-9345

**DATED:**   3/4/2019
                   Elk Grove, California

RE: **Francisco Medina Castaneda**     **Docket Number: 0972 2:03CR00549-01**

Reviewed by,

_____
**George A. Vidales**
**Supervising United States Probation Officer**

RE: **Francisco Medina Castaneda**          **Docket Number: 0972 2:03CR00549-01**

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:** Francisco Medina Castaneda          **Docket Number:** 0972 2:03CR00549-01

**Date of Original Offense:** October – December 2003

**Original term of supervised release imposed: 10 years**

**Highest grade of violation alleged: C**

**Criminal History Category of offender: IV**

**Original guideline range:  Life**

**Chapter 7 range of imprisonment:  6 to 12 months.**

**Maximum term on revocation - 18 USC 3583(e)(3):  (*choose one below*)**

☒          **Class A felony - 5 years**

**Violation requires mandatory revocation:  YES:  ☐     NO: ☒**

<u>**Original offense committed on or after 04/30/2003**</u>:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.